JOHN P. COSTELLO *v.* MICHAEL KOZLOWSKI, COMMISSIONER OF MOTOR VEHICLES
(AC 16638)

O'Connell, C. J., and Spear and Hennessy, Js.

---

Submitted on briefs September 26—officially released November 11, 1997

*Richard Blumenthal*, attorney general, and *Priscilla J. Green*, assistant attorney general, filed a brief for the appellant (defendant).

*Norman B. Teague* filed a brief for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The defendant commissioner of motor vehicles (commissioner) appeals from a judgment of the trial court sustaining the plaintiff's appeal from the commissioner's administrative decision.

The plaintiff's motor vehicle operator's license was suspended for six months because he refused to submit to a chemical alcohol test following his arrest for operating a motor vehicle while under the influence of alcohol or drugs. General Statutes § 14-227b.[1] The

---

[1] General Statutes § 14-227b provides in relevant part: "(a) Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . .

"(b) If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both . . . and thereafter . . . refuses to submit to the designated test, the test shall not be given . . . .

"(c) If the person arrested refuses to submit to such test or analysis . . .

plaintiff challenged the suspension at an administrative hearing. The commissioner affirmed the suspension after finding that the four license suspension criteria set forth in § 14-227b (f) had been met.[2] The plaintiff appealed to the trial court, claiming that the statutory criteria were not satisfied because the plaintiff's arrest was not lawful. The trial court sustained the plaintiff's appeal.

On appeal to this court, the commissioner claims that the trial court improperly determined that the police lacked a reasonable and articulable suspicion to stop the plaintiff's vehicle and, therefore, that the plaintiff's arrest was not lawful. We reverse the judgment of the trial court and remand the case to the trial court with direction to dismiss the appeal.

The plaintiff's suspension was based on the following facts. At 1:07 a.m. on October 20, 1995, a Berlin police officer was informed by his dispatcher that someone

the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license . . . for a twenty-four-hour period and shall issue a temporary operator's license . . . to such person valid for the period commencing twenty-four hours after issuance and ending thirty days after the date such person received notice of his arrest by the police officer. The police officer shall prepare a written report of the incident and shall mail the report . . . to the Department of Motor Vehicles within three business days. . . .

"(d) Upon receipt of such report, the Commissioner of Motor Vehicles may suspend any license . . . of such person effective as of a date certain, which date shall be not later than thirty days after the date such person received notice of his arrest by the police officer. Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension. . . ."

[2] General Statutes § 14-227b (f) provides in relevant part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both . . . (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis . . . and (4) was such person operating the motor vehicle. . . ."

was banging on the door of a closed restaurant and attempting to gain entry. The officer was also informed that the person in question might be driving a red Chevrolet Corsica. Upon arrival at the scene, the officer stopped a red Chevrolet Corsica that was exiting from an area behind the restaurant. The plaintiff was operating the Corsica. The officer noticed that the plaintiff's speech was slurred, his eyes were bloodshot and he smelled of alcohol. After administering field sobriety tests, the officer placed the plaintiff under arrest for operating a motor vehicle while under the influence of intoxicating liquor or drugs. General Statutes § 14-227a (a).[3] The plaintiff later refused to submit to a chemical alcohol test. Refusal to submit to such a test is grounds for suspension of an operator's license. General Statutes § 14-227b.[4]

"[J]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes . . . §§ 4-166 through 4-189), and the scope of that review is very restricted. . . . In cases involving administrative appeals it is not the function of this court, nor was it the function of the trial court, to retry the case or to substitute its judgment for that of the administrative agency." (Citations omitted; internal quotation marks omitted.) *Redden* v. *Kozlowski*, 45 Conn. App. 225, 228, 695 A.2d 26 (1997).

In order to sustain an administrative decision, all that is required is that the determination be "reasonably supported by the evidence in the record." *Clark* v. *Muzio*, 40 Conn. Sup. 512, 514, 516 A.2d 160 (1986), aff'd, 14 Conn. App. 212, 540 A.2d 1063, cert. denied, 208 Conn. 809, 545 A.2d 1105 (1988). "[T]he plaintiff bears the burden of proving that the commissioner's

---

[3] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. . . ."

[4] See footnote 1.

decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 708–709, 692 A.2d 834 (1997). "Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Id., 709.

Pursuant to the license suspension criteria set forth in § 14-227b (f), in affirming a police initiated suspension, the commissioner must find, inter alia, that the operator of the vehicle was placed under arrest. The plaintiff contends that this criterion was not satisfied here because the investigatory stop that led to his arrest was unlawful. We are not persuaded.

A police officer does not need to have probable cause to believe that a crime has been committed in order to make a lawful stop of a motor vehicle. An investigatory stop is authorized if the police officer had a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." *State* v. *Lamme*, 216 Conn. 172, 184, 579 A.2d 484 (1990). Whether a reasonable and articulable suspicion exists depends on the totality of the circumstances. *State* v. *Anderson*, 24 Conn. App. 438, 441, 589 A.2d 372, cert. denied, 219 Conn. 903, 593 A.2d 130 (1991). "An investigative stop can be appropriate even where the police have not observed a violation because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (Internal quotation marks omitted.) *Kolakowski* v. *Hadley*, 43 Conn. App. 636, 644, 685 A.2d 689 (1996). The purpose of an investigatory stop is to maintain the status quo for a brief period of time to allow the police to investigate the circumstances that give rise to the suspicion of criminal wrongdoing. *State* v. *Anderson*, supra, 441.

In the present case, the police officer was dispatched to investigate a complaint that someone was banging on the door of a closed restaurant and attempting to gain entry shortly after 1 a.m. He was further informed that the person might be operating a red Chevrolet Corsica. Arriving at the scene, the officer observed a red Chevrolet Corsica departing from the immediate area of the restaurant. Because the vehicle was the same color and make as that identified by the complainant, the officer had a reasonable and articulable suspicion that the vehicle's operator was the person who had been seeking entry to the restaurant. Banging on the door of a closed restaurant and trying to gain entry in the middle of the night is unusual behavior. Such behavior warranted further investigation, particularly since someone had called the police to complain about it.

It was proper for the officer to execute a brief investigatory stop of the plaintiff in view of the complaint regarding unusual activity at the restaurant. We do not agree with the trial court's conclusion that the plaintiff's conduct failed to justify a brief investigatory stop. There is substantial evidence in the record supporting the hearing officer's finding that there was a reasonable and articulable suspicion to justify the police stop of the plaintiff's automobile.[5] The stop was warranted and the plaintiff's subsequent arrest was lawful. Thus, the trial court improperly sustained the plaintiff's appeal

[5] The hearing officer made a subordinate finding that "[t]here was a reasonable *or* articulable suspicion to stop the respondent's vehicle . . . ." (Emphasis added.) The plaintiff contends in a footnote that the hearing officer's use of the word "or" instead of "and" indicates that the hearing officer applied the wrong legal standard in determining the propriety of the stop. This court will not review any claim or any alternative claim to a properly briefed claim that has been presented and argued by way of a footnote. *State* v. *Reddick*, 15 Conn. App. 342, 343, 545 A.2d 1109, cert. denied, 209 Conn. 819, 551 A.2d 758 (1988). Accordingly, we will not review this claim.

in light of the reliable, probative and substantial evidence in the record.

The judgment is reversed and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.