[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Beatrice Zavorskas appeals the decision of the defendant commissioner of motor vehicles (commissioner) suspending her motor vehicle operator's license for ninety days. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes §4-183. The court finds the issues in favor of the defendant.
On September 6, 1997, just after midnight, Officer Stockmon of the North Haven police department stopped the plaintiff who was operating her Buick automobile. After approaching the plaintiff's stopped vehicle, the officer observed that she had glassy eyes and spoke slowly with slurred speech. She performed the field sobriety tests unsatisfactorily. She was placed under arrest and taken to police headquarters where she submitted to blood alcohol tests which resulted in readings of .192 and .189. The department issued a suspension notice, and the plaintiff requested a hearing. The hearing was held on October 8, 1997, and both the plaintiff and her counsel were present. No other witnesses testified. On October 9, 1997, the hearing officer issued his decision suspending the plaintiff's license for ninety days. The plaintiff filed this timely appeal from that decision.
The plaintiff raises a single issue on appeal. She argues that because there was no reasonable and articulable suspicion to stop her, Officer Stockman had no probable cause to arrest her. Since probable cause is one of the four requisite findings required to affirm a suspension under subsection (f) of General Statutes § 14-227b, this appeal must be dismissed if the hearing officer properly found probable cause. See Volck v.Muzio, 204 Conn. 507, 514, 518 (1987).
In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor CT Page 2591 vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte,supra, 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshall v. DelPonte,27 Conn. App. 346, 352 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702, 709 (1997).
The arresting officer made the following entries in the arrest report.
 On 9-5-97, this officer worked an extra-duty assignment at the North Haven Fair from 4:00 p. m. to midnight. During the last ten minutes, this officer and Ofc. Girard were on Washington Avenue picking up traffic cones fronting the entrance to the Fair Grounds. During this time, a man known to me as Tony Pershia came running up from the nearby Exxon Tiger Mart and reported a female customer as being intoxicated. He proceeded to point to a blue Buick that was leaving the station and stated it was the woman. He indicated that the woman had been staggering and had difficulty backing her car out of its parking space.
 This officer observed the Buick leave the station and turn northbound on Washington Avenue towards this Officer. While standing in the roadway this officer forced the Buick to stop and instructed the woman operator to pull into the driveway of the Fair Grounds. The woman would not do so and kept pointing north on Washington Avenue. Officers Suchy and Girard stood in the road as well and motioned for the woman to pull into the driveway. The woman eventually complied and stopped. CT Page 2592
(ROR, Item 3.)
The parties agree that the investigatory stop took place when the officer first forced the plaintiff to stop. The plaintiff claims that the information the officer received from Pershia was 1) not reliable and 2) if reliable, insufficient to establish a reasonable and articulable suspicion upon which to base a stop because the officer did not observe any erratic driving. While the plaintiff has cited and discussed a number of federal and state cases that she argues are analogous and persuasive, the Appellate Court's recent case of Costello v. Kozlowski,47 Conn. App. 111 (1997), is determinative. There it reversed the trial court and affirmed the department's suspension of the plaintiff's license. The arresting officer received a call from his dispatcher that someone was banging on the door of a closed restaurant, trying to gain entry. The officer was also told that the person might be driving a red Chevrolet Corsica. When the officer arrived on the scene he stopped a red Corsica that was leaving the rear of the restaurant. The plaintiff was operating the vehicle. In concluding that the record supported a finding that the officer had a reasonable and articulable suspicion to justify an investigatory stop, the court found that the reported behavior was unusual and warranted further investigation and that the plaintiff could be identified by the description of the vehicle. Id., 116. Further, the court set forth the applicable law:
 A police officer does not need to have probable cause to believe that a crime has been committed in order to make a lawful stop of a motor vehicle. An investigatory stop is authorized if the police officer had a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184 (1990). Whether a reasonable and articulable suspicion exists depends on the totality of the circumstances. State v. Anderson, 24 Conn. App. 438, 441, cert. denied, 219 Conn. 903 (1991). "An investigative stop can be appropriate even where the police have not observed a violation because a reasonable and articulable suspicion can arise from conduct that alone is not criminal." (Internal quotation marks omitted.) Kolakowski v. Hadley, 43 Conn. App. 636, 644 (1996). The purpose of an investigatory stop is to maintain the status quo for a brief period of time to allow the police to investigate the circumstances that give rise to the suspicion of criminal wrongdoing. State v. Anderson, supra, [24 Conn. App. ] 441. CT Page 2593 Costello v. Kozlowski, supra, 47 Conn. App. 115.
Here, the arresting officer knew the informant Pershia by name, received the information from him and immediately observed the described vehicle. In addition, the information Pershia gave him described the plaintiff as an intoxicated customer who staggered and had difficulty maneuvering her vehicle. This was not simply a report of erratic driving. Thus, Field v. Golding,42 Conn. Sup. 306, 5 CONN. L. RPTR. 369 (1991), and Schenfieldv. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 569900 (19 CONN. L. RPTR. No. 18, 621, June 13, 1997) are distinguishable. Here, the officer already had a reasonable and articulable suspicion that he was observing an intoxicated person operating a motor vehicle on a public highway. Further corroboration is not required underCostello. Nor under these facts is it necessarily prudent for an officer on foot to delay stopping a reportedly intoxicated driver given the exigent threat to public safety on our highways.
The court finds the investigatory stop was warranted in light of the totality of the circumstances as set forth in the record. Because there is reliable, probative and substantial evidence in the record to support it, the hearing officer's finding that there was probable cause to arrest the plaintiff will not be disturbed.
The appeal is dismissed.
DiPENTIMA, J.