HARRY R. SCHUH *v.* COMMISSIONER OF MOTOR VEHICLES
(AC 17236)

O'Connell, C. J., and Sullivan and Cretella, Js.

Argued February 18—officially released April 28, 1998

 

*Norman B. Teague,* for the appellant (plaintiff).

*Alan N. Ponanski,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

O'CONNELL, C. J. The plaintiff appeals from the trial court's judgment sustaining the defendant commissioner's suspension of the plaintiff's motor vehicle operator's license for refusal to submit to a chemical alcohol test following his arrest for operating a motor vehicle while under the influence of liquor. General Statutes § 14-227b.[1] The plaintiff claims that the trial court improperly concluded that there was substantial evidence in the record to support the finding of the administrative hearing officer that there was probable cause

---

[1] General Statutes § 14-227b provides in relevant part: "(a) Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . .

"(b) If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both . . . thereafter . . . refuses to submit to the designated test, the test shall not be given . . . .

"(c) If the person arrested refuses to submit to such test or analysis . . . the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license . . . for a twenty-four-hour period and shall issue a temporary operator's license . . . to such person valid for the period commencing twenty-four hours after issuance and ending thirty days after the date such person received notice of his arrest by the police officer. The police officer shall prepare a written report of the incident and shall mail the report . . . to the Department of Motor Vehicles within three business days. . . .

"(d) Upon receipt of such report, the Commissioner of Motor Vehicles may suspend any license . . . of such person effective as of a date certain, which date shall be not later than thirty days after the date such person received notice of his arrest by the police officer. Any person whose license or operating privilege has been suspended in accordance with this subsection

to arrest the plaintiff and that the hearing officer improperly took judicial notice of facts not in the record. We affirm the judgment of the trial court.

In its transcribed oral decision,[2] the trial court found as follows: "The sole basis of the plaintiff's appeal in this case is his contention that there was insufficient evidence in the record to support the hearing officer's finding that the plaintiff had been operating a motor vehicle on a public highway. The only evidence before the hearing officer in this case on that issue was the written report of the police officer who arrested the plaintiff. The court has reviewed that report. In it, the police officer states that he was called to the scene where the plaintiff's vehicle had been discovered on a grassy slope off the shoulder of Route I-91, which is, of course, an interstate public highway. The plaintiff was discovered in the driver's seat seat-belted in. A witness at the scene informed the police officer that he had found the plaintiff in the vehicle in the same position with the vehicle's engine on and the gear shift in the drive position. The plaintiff told the police officer at the scene that he had been en route from the town of Harwinton to Bradley Airport. The police report also states that in the police officer's opinion, the plaintiff's vehicle 'had apparently just drifted off the highway onto the shoulder and came to rest in a grassy gully and against a trap rock slope located approximately five to six feet from the roadway.' On the basis of the evidence that I have just summarized, the hearing officer concluded that the plaintiff had been operating the vehicle

shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension. . . ."

[2] Practice Book § 4059, now Practice Book (1998 Rev.) § 64-1 (a), provides in relevant part: "If oral, the [trial court's] decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office."

on a public highway and on the basis of that determination, the hearing officer determined that the plaintiff had been operating the vehicle within the meaning of § 14-227b, and that was also part of his determination that the police had probable cause to arrest the plaintiff on the drunk driving charge."

## I

Pursuant to § 14-227b, the plaintiff requested and was granted an administrative hearing to contest the suspension of his license. General Statutes § 14-227b (f) provides in relevant part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both . . . (2) was such person placed under arrest; (3) did such person refuse to submit to [a chemical alcohol] test or analysis . . . and (4) was such person operating the motor vehicle. . . ." The hearing officer found that all four criteria had been met, resulting in suspension of the plaintiff's operator's license for six months.

The plaintiff appealed to the trial court pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. Following the trial court's dismissal of his case, the plaintiff appealed to this court.

The plaintiff focuses on the first of the § 14-227b (f) issues and argues that there was no probable cause to arrest him for violating General Statutes § 14-227a (a). Section 14-227a (a) provides in relevant part: "A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle *on a public highway* of this state . . . ." (Emphasis added.) The gravamen of the plaintiff's claim is that the evidence shows only that his vehicle was located five to six feet

off the main travel portion of Interstate 91 and, therefore, the hearing officer improperly concluded that the plaintiff had operated a vehicle on a public highway. The plaintiff does not dispute that Interstate 91 is a public highway.

The fallacy in the plaintiff's argument is that the defendant was not required to present absolute proof that the plaintiff was operating on a public highway. Proof of operation is a question of fact. *O'Rourke* v. *Commissioner of Motor Vehicles*, 33 Conn. App. 501, 505, 636 A.2d 409, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994). "[A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . The factual findings of the commissioner of motor vehicles must be affirmed by the trial court unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." (Citation omitted; internal quotation marks omitted.) Id. Our review requires us to determine "whether there is substantial evidence in the administrative record to support the defendant's findings of basic fact and whether the conclusion drawn from those facts is reasonable." Id., 506–507. "Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) *Costello* v. *Kozlowski*, 47 Conn. App. 111, 115, 702 A.2d 1197 (1997).

From the evidence before him, the hearing officer reasonably could have inferred that the plaintiff had operated his vehicle on Interstate 91, a public highway, in order to have arrived five to six feet off the travel portion of Interstate 91, where he and his vehicle were found by the arresting state trooper.

II

The plaintiff also claims that the hearing officer acted arbitrarily and abused his discretion by taking judicial

notice of facts not in the record. The trial court's memorandum of decision did not address this issue. The plaintiff could have obtained the trial court's ruling on this issue by filing a motion for articulation pursuant to Practice Book § 4051, now Practice Book (1998 Rev.) § 66-5. *Wolk* v. *Wolk*, 191 Conn. 328, 335 n.1, 464 A.2d 780 (1983).

It was the plaintiff's duty to provide this court with a record adequate for review. Practice Book § 4061, now Practice Book (1998 Rev.) § 60-5;[3] *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993). Under the circumstances of this case, the plaintiff has failed to furnish us with a record adequate to review his second claim. See *Kirei* v. *Hadley*, 47 Conn. App. 451, 458, 705 A.2d 205 (1998).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Practice Book § 4061, now Practice Book (1998 Rev.) § 60-5, provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review . . . ."