[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Julia Hopkins appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license for one year. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant.
The record reflects the following facts. On November 24, 1996, at 1:55 a.m., Officer Dye of the Norwich police department responded to a call to Hickory Street near Prospect Street where an automobile had collided with a utility pole. When he arrived at the scene of the accident, Officer Dye observed the plaintiff standing near the automobile. When asked by Officer Dye if she had operated the vehicle, she responded yes. The officers noticed that the windshield was shattered and asked the plaintiff if she was injured. She denied injury and refused medical treatment. There were small lacerations on her forehead near the hairline, and she eventually admitted that her head had hit the windshield during the accident.
Officer Dye noticed that the plaintiff had difficulty standing without swaying, that she walked with a "very evident swagger," that she had glassy eyes and that her breath smelled strongly of alcoholic beverage. She consented to perform the standard field sobriety tests which she performed poorly. She was placed under arrest and was taken to police headquarters.
At police headquarters, the plaintiff was asked if she would perform a breath test and she agreed. At 2:40 a.m., after having the implied consent advisory read to her, the plaintiff again consented to the breath test. Officer Dye then administered the test to the plaintiff, but the plaintiff failed to blow sufficiently into the instrument. After further attempts, the plaintiff became uncooperative and refused further testing.
On December 2. 1996, the department sent the plaintiff a notice of suspension effective December 24. 1996, for one year. The plaintiff requested a hearing which was held on December 20, 1996. At the hearing the plaintiff appeared with counsel. The hearing officer entered the A-44 with attachments and the intoxilyzer tape over hearsay and best evidence objections by plaintiff's counsel. The plaintiff presented the only live testimony. On that same date, the hearing officer issued a decision suspending the plaintiff's license for one year.
In the decision of the hearing officer, in addition to the four requisite findings under § 14-227b(f), the hearing officer included the following subordinate facts:
The respondent admitted operation at the accident scene. Her CT Page 400 failure to properly provide adequate breath sample was properly deemed a refusal by the officer as the respondent only gave short breaths.
(ROR, Decision dated December 20, 1996). The plaintiff filed a petition for reconsideration on January 3, 1997, which was denied on January 17, 1997. This appeal followed on February 5, 1997.
The plaintiff raises three claims of error in this appeal:
 1. The hearing officer's finding that the plaintiff refused to submit to the chemical testing violated the Uniform Administrative Procedures Act (UAPA), General Statutes § 4-166
et seq., and was clearly erroneous in light of the reliable, probative and substantial evidence in the whole record.
 2. The hearing officer's finding that the plaintiff was operating the motor vehicle violated the UAPA and was clearly erroneous in light of the reliable, probative and substantial evidence in the whole record.
 3. The hearing officer's ruling allowing into evidence the attachments to the A-44 and supplemental report and accident summary report over the hearsay objection of the plaintiff violated the UAPA and was clearly erroneous in light of the reliable, probative and substantial evidence in the whole record.
Additionally, the plaintiff seeks reasonable fees and expenses under General Statutes § 4-184a.
In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal CT Page 401 quotation marks omitted.) Schallenkamp v. DelPonte, supra,229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshall v. DelPonte,27 Conn. App. 346, 352, 606 A.2d 716 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co.v. Carothers, 218 Conn. 580, 601 (1991). The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it".Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702,708-709 (1997).
The court first addresses the issue of whether there was substantial evidence to support the finding of refusal. Bialowas v. Commissioner ofMotor Vehicles, supra, guides the court on this issue.
 We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence. A conclusory statement by the arresting officer that the driver has failed to provide an adequate breath sample and has, therefore, refused, does not constitute such evidence.
Id., 714-15. The evidence in the record here is the following:
 On 11/24/96 at approximately 2:40 a.m., this Officer read the Implied Consent Advisory to the accused who stated she understood, and again agreed to comply with the breath test. This Officer then attempted to administer the breath test to the accused with the following results:
 Test #1:Hopkins refused to blow sufficiently into the instrument, and instead would only provide very short, light puffs into the instrument. After several attempts of only puffs, the accused became very loud and obnoxious and refused any further tests. This Officer again read the Implied Consent Advisory to which the accused still refused any further testing.
(ROR, A-44, Police report, pp. 4-5.) The intoxilyzer tape indicates "insufficient sample" for the first test. (ROR, A-44.) CT Page 402 In Bombaci v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Doc. No. 0567047 (April 30, 1997), the court upheld a suspension where the police instructed the plaintiff on the procedure and noted in his report that the plaintiff "coughed" and "belched" into the device. Here, while there is no evidence of instructions to the court upheld a suspension where the police instructed the plaintiff on the procedure and noted in his report that the plaintiff "coughed" and "belched" into the device. Here, while there is no evidence of instructions to the plaintiff, there is a description of the actions of the plaintiff in performing the first test, and there is evidence that she refused to be tested further. This is unlike the fact pattern in Bialowas where the only evidence was the notation of "insufficient breath" and the police narrative that the plaintiff was "very uncooperative and would not sign any necessary papers."
The court went on in Bialowas v. Commissioner of Motor Vehicles, supra, 44 Conn. App. 716-17,
 The police officer did not include in the police report or the narrative supplement adequate information about his observations to support his conclusion that the plaintiff's failure to provide sufficient breath was, in fact, a refusal to take the test. Such information, if it existed, could have been provided through testimony or other evidence such as the narrative supplement and might have described the officer's observations of the effort the plaintiff made in providing breath samples and in following the officer's instructions, or other conduct of the plaintiff that would bear on whether his actions were intentional. Without adequate information to form a basis for the police officer's inference, therefore, there was not substantial evidence for the hearing officer to determine whether the plaintiff's actions constituted a refusal.
(Footnotes omitted.)
Here, not only were there bases for the police officer's inference of a refusal, there was an express refusal to further testing. In contrast to the plaintiff's contention, there was evidence that the intoximeter was functioning at the time the test was given. The officer checked the box on the A-44 stating that the intoximeter was certified and checked for accuracy. This indicates the intoximeter would have functioned and would have taken a reading if the plaintiff had properly performed the test. CT Page 403 See Ellam v. Commissioner of Motor Vehicles, 47 Conn. App. 509. 516 (1998). At the hearing the plaintiff testified that she did not refuse further testing and that she was cooperative. (ROR, Tr. 8-10.) It was within the province of the hearing officer to reject the plaintiff's testimony. Ellam v. Commissioner of MotorVehicles, supra, 47 Conn. App. 512. Under the holding ofBialowas, the court finds there that the hearing officer's finding of refusal is supported by substantial evidence.
The recent Appellate Court decision of Kirei v. Commissionerof Motor Vehicles, 47 Conn. App. 451 (1998), is decisive of the second issue in this appeal. In Kirei, the plaintiff also argued there was insufficient evidence to prove operation. In affirming the trial court in dismissing the plaintiff's appeal, the Appellate Court noted that "proof of operation is a factual determination," and concluded that there was substantial evidence to support the factual finding of operation. Id., 455. There, the record showed that the plaintiff's vehicle was off the road in a snowbank; the vehicle was still warm and in the drive gear; the plaintiff was in the immediate vicinity, walking with difficulty and smelling of liquor; finally, the plaintiff admitted to operating the vehicle. Here, the police officer found the plaintiff standing near the vehicle; the plaintiff admitted to driving the vehicle; the plaintiff had lacerations to her forehead, and eventually she admitted to having struck her head on the windshield; she had difficulty walking, glassy eyes and smelled strongly of alcohol. In addition, the record includes the statement of a witness who observed the plaintiff operating the vehicle after the collision with the utility pole and who stated that there were no other people in the vehicle other than the plaintiff.
There is substantial evidence in the record to support the hearing officers's finding that the plaintiff operated the vehicle.
The final issue of whether the hearing officer improperly admitted the police report over the plaintiff's objection has also been addressed in recent appellate decisions. The plaintiff is claiming that because the police report contains an unsworn witness statement the hearing officer should not have admitted it into evidence.[1] In Paquette v. Hadley, 45 Conn. App. 577,580-81 (1997), the court noted that General Statutes § 14-227b(c) and § 14-227b-19 of the Regulations of Connecticut State Agencies permit the admission of the police report and A-44 form with supplemental documentation, and further that the CT Page 404 presence of the police officer is not required for the admission. See § 14-224b-18 of the Regulations of State Agencies. The court went on to say,
 Furthermore, hearsay evidence itself is not prohibited in of administrative proceedings by the Uniform Administrative Procedure Act. General Statutes § 4-166 et seq., which permits the introduction of oral or documentary evidence. Tomlin v. Personnel Appeal Board, 177 Conn. 344, 348, 416 A.2d 1205
(1979).
(Footnote omitted.) Id. Under Carlson v. Kozlowski, 172 Conn. 263, 267
(1977),
 if hearsay evidence is insufficiently trustworthy to be considered `substantial evidence' and it is the only evidence probative of the plaintiff's culpability, its use to support the agency decision would be prejudicial to the plaintiff, absent a showing, which has not been made here, that the appellant knew it would be used and failed to ask the commissioner to subpoena the declarants.
While the plaintiff objected at the hearing to the admission of the report, she could have subpoenaed the witness. Further, as noted earlier in this decision, there was other evidence in the form of the officer's own observations and the plaintiff's admission that was probative of the plaintiff's operation of the motor vehicle. For these reasons, the plaintiff has failed to show the introduction of the police report was clearly erroneous.
In light of the court's decision on the merits of the appeal, the request for expenses and attorney's fees under General Statutes § 4-184a is denied.
The appeal is dismissed.
DiPentima, J.