[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Joyce Gillogly appeals the decision of the defendant commissioner of motor vehicles to suspend the plaintiff's motor vehicle operator's license for refusal to submit to a chemical alcohol test following her arrest for operating a motor vehicle while under the influence of alcohol. See General Statutes § 14-227b.[1] The plaintiff claims that the commissioner improperly concluded that there was substantial evidence in the record to support the administrative hearing officer's findings that (1) the plaintiff was operating a motor vehicle prior to the time she was arrested for operating CT Page 5877 under the influence of alcohol and (2) there was probable cause to arrest the plaintiff. The court finds the issues in favor of the plaintiff.
 I.
The facts essential to the court's decision are not in dispute and are reflected in the record. On June 12, 1997, at approximately 8:17 p.m., Officer Ricci of the Milford Police Department was dispatched to investigate a report of a motor vehicle accident. Upon arriving at the scene of the accident, the officer observed the plaintiff asleep in her car with a two-thirds empty bottle of alcohol on the floor between her feet. Officer Ricci asked the plaintiff for her license, registration and insurance card, but the plaintiff failed to respond. It took Officer Ricci several attempts to awaken the plaintiff. When the plaintiff was finally awakened, the officer detected a strong odor of alcohol emanating from her breath and person. After asking the plaintiff her preference for a towing service and to submit to a field sobriety test, with no response from the plaintiff, Officer Ricci determined that the plaintiff was not capable of performing a field sobriety test.
Officer Ricci further observed that, after attempting to awaken the plaintiff again, she responded with expletives and slurred speech. At this point Officer Ricci placed the plaintiff under arrest and had to carry her, with the help of another officer, to his patrol car. Inspection of the plaintiff's car for inventory purposes revealed an empty bottle of alcohol located on the back seat. Both bottles were seized into evidence.
Upon arrival at police headquarters, the plaintiff had to be carried from the patrol car into the booking area. The plaintiff was read her constitutional rights and asked to sign forms, which she refused to do. The plaintiff also refused to take a breath test.
A form A-44 report of the incident and a narrative written police report were forwarded to the department of motor vehicles in accordance with General Statutes § 14-227b (C),[2] and the plaintiff was subsequently notified by the commissioner that her operator's license would be suspended for six months because she refused to submit to the breath test. Pursuant to General Statutes § 14-227b, the plaintiff requested and was granted an administrative hearing to contest the suspension. General CT Page 5878 Statutes § 14-227b (f) provides in pertinent part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor . . .; (2) was such person placed under arrest; (3) did such person refuse to submit to such [chemical alcohol] test or analysis . . .; and (4) was such person operating the motor vehicle." General Statutes §14-227b (f). "If, after such hearing, the commissioner finds on any one of the said issues in the negative, the commissioner shall reinstate such license or operating privilege. If, after such hearing, the commissioner does not find on any one of the said issues in the negative . . . the commissioner shall affirm the suspension contained in the suspension notice for the appropriate period specified in subsection (h) of this section." General Statutes § 14-227b (g).
At the hearing, the administrative hearing officer submitted, inter alia, the form A-44 report and the narrative police report into evidence. The plaintiff's attorney objected to "so much of [the form A-44 report and narrative police report] and [moved] that it be stricken that relates to statements or reliance on statements and reference to statements by an alleged person" — that person being the driver of the vehicle that the plaintiff's vehicle allegedly hit. The objection, on the basis that the witness's statements were "rank hearsay," was sustained by the administrative hearing officer and a paragraph of the narrative report was "redacted" by the hearing officer. The plaintiff's attorney further objected specifically to a portion of the A-44 form, in which the arresting officer checked a box indicating that he "observed erratic driving" by the plaintiff, on the basis that there was no information on the A-44 report that the arresting officer personally observed erratic driving. The hearing officer sustained the objection and "redacted" the statement.
Based on the redaction of key portions of the arresting officer's report of the incident, the plaintiff's attorney argued that there was no evidence of operation of the vehicle by the plaintiff or proof of probable cause by the arresting officer and therefore the plaintiff's operator's license should not be suspended.[3] The hearing officer determined, however, that all four criteria under General Statutes § 14-227b (f) had been met, and ordered the suspension of the plaintiff's motor vehicle operator's license for six months.[4] The plaintiff appeals to CT Page 5879 this court pursuant to General Statutes § 4-183 et seq.
 II.
"A person whose license is suspended is aggrieved according to the Uniform Administrative Procedures Act . . . [§§] 4-166
through 4-189 `in that a specific, personal and legal interest, his license to drive, has been adversely affected.'" Walling v.State Department of Motor Vehicles, Superior Court, judicial district of Waterbury, Docket No. 113831 11 CONN. L. RPTR 529 (May 24, 1994, Sylvester, J.), quoting Tarascio v. Muzio, 40 Conn. Sup. 505,507, 515 A.2d 1082 (1986); see Bakelaar v. West Haven,193 Conn. 59, 65, 475 A.2d 283 (1984). "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section." General Statutes § 4-183 (a). The court finds that the plaintiff is aggrieved.
General Statutes § 4-183 (c) provides that a person may appeal a final decision of an agency within forty-five days after the final decision is mailed. See General Statutes § 4-183
(c). In the present case, the final decision of the commissioner was rendered on July 9, 1997, and the plaintiff filed this appeal on July 28, 1997. The defendant was served on July 17, 1997. Consequently, the plaintiff has filed this action within the time limit prescribed by General Statutes § 4-183 (c).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted. . . . Neither [the appellate courts] nor the trial court may retry the case or substitute its own judgment for that of the [agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.)Greater Bridgeport Transit District v. State Board of LaborRelations, 232 Conn. 57, 63-64, 653 A.2d 151 (1995). "'Under General Statutes § 4-183 (j)(5), a reviewing court cannot "substitute its judgment for that of the [administrative] agency as to the weight of the evidence on questions of fact" unless the court finds, inter alia, that the administrative findings of fact are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record" before the administrative agency."' Ellam v. Commissioner of Motor Vehicles, CT Page 588047 Conn. App. 509, 512, 704 A.2d 257 (1998), quoting Departmentof Public Safety v. Freedom of Information Commission,242 Conn. 79, 83, 698 A.2d 803 (1997).[5] "Substantial evidence exists if the administrative record demonstrates a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . If the commissioner's determination to suspend the plaintiff's license is supported by substantial evidence in the record, that determination must be sustained. . . ." (Citations omitted; internal quotation marks omitted.) Ellam v.Commissioner of Motor Vehicles, supra, 47 Conn. App. 512-13. "It is fundamental that a plaintiff has the burden of proving that the commissioner, on the facts before him, acted contrary to law and in abuse of his discretion." Demma v. Commissioner of MotorVehicles, 165 Conn. 15, 16-17, 327 A.2d 569 (1973).
 III.
The plaintiff argues that there was not substantial evidence in the record to support a finding that she was operating the motor vehicle in question prior to the time she was arrested for operating under the influence of alcohol, nor substantial evidence in the record to support a finding that the arresting officer had probable cause to arrest her for operating a motor vehicle under the influence of alcohol. Because the court finds that there was not substantial evidence in the record to support the administrative hearing officer's conclusion that the plaintiff was operating the motor vehicle, the court need not address the issue of probable cause.
Proof of operation of a motor vehicle is a factual determination. Kirei v. Hadley, 47 Conn. App. 451, 455, (1998). "[A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts." Liebermanv. State Board of Labor Relations, 216 Conn. 253, 262,579 A.2d 505 (1990). The defendant contends that there is substantial evidence in the record to support the administrative hearing officer's determination that the plaintiff had been operating the vehicle prior to her arrest, based on the facts in the record that (1) Officer Ricci was dispatched to investigate a motor vehicle accident; (2) upon arriving at the scene the officer observed the plaintiff asleep in her car; and (3) the plaintiff did not say that she was not the driver of the car. In support of his position, the defendant cites to cases in which the courts found operation of a motor vehicle in the absence of actual observation by the arresting officer or other witnesses. See CT Page 5881O'Rourke v. Commissioner of Motor Vehicles, 33 Conn. App. 501,506, 636 A.2d 409, cert. denied, 229 Conn. 909, 642 A.2d 1205
(1994); Kirei v. Hadley, supra, 47 Conn. App. 451; Wilkinson v.Hadley, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 558016 (July 1, 1996, Maloney, J.);Jaroszewski v. Delponte, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 032258 (August 30, 1990, Fuller, J.).
In O'Rourke v. Commissioner of Motor Vehicles, the Appellate Court determined that the plaintiff could not rely on State v.Decoster, 147 Conn. 502, 162 A.2d 704 (1960), which held that, in a criminal proceeding, the state could not prove beyond a reasonable doubt that a person was operating his motor vehicle when found slumped over in his car with the keys in the ignition where no one had seen the individual operating the car and there was no evidence as to how long the car had been stationary.O'Rourke v. Commissioner of Motor Vehicles, supra,33 Conn. App. 508. The court in O'Rourke held that DeCoster was distinguishable because the case before the court in O'Rourke was an administrative license revocation proceeding rather than a criminal proceeding. Therefore, since the burden of proof was much lower in such a situation, evidence that "the plaintiff was found strapped into the driver's seat by his seat belt," that "the plaintiff admitted to police that he had been arrested a year before for driving while intoxicated," that the plaintiff exhibited "nervous demeanor" (indicating "consciousness of guilt"), and that "the plaintiff's attorney stated that the plaintiff lost his eyeglasses during the accident," was adequate for the defendant to reasonably infer that the plaintiff had been operating his motor vehicle at the time of the accident under the substantial evidence standard. Id., 508-09.
In Kirei v. Hadley, supra, the Appellate Court again found that there was substantial evidence in the record supporting operation of the motor vehicle even though no one witnessed the plaintiff driving the vehicle. The court's ruling was based on evidence that (1) "the arresting officer found the . . . vehicle off the road in a snowbank"; (2) "[t]he vehicle was in drive and still warm from recent operation"; (3) the plaintiff was found "in the immediate proximity," walking in the road about two-tenths of a mile from the vehicle, "having difficulty walking and with an odor of liquor about him"; and (4) the plaintiff admitted to driving the vehicle. Kirei v. Hadley, supra,47 Conn. App. 455. CT Page 5882
In both Wilkinson v. Hadley, supra, Superior Court, Docket No. 558016, and Jaroszewski v. DelPonte, supra, Superior Court, Docket No. 032258, the plaintiffs claimed that there was insufficient evidence in the record to support a finding that they had been operating their respective motor vehicles. There were no witnesses to the accidents in those cases. The court in both cases found that there was substantial evidence in the record to support the hearing officer's conclusion that the respective plaintiffs had been operating their vehicles, based primarily on evidence that the plaintiffs had admitted to operating their vehicles at the time of the accidents.
In contrast, the evidence before the administrative hearing officer in the present case revealed none of the factual bases for a finding of operation of a motor vehicle indicated in the cases cited above. In the present case, evidence in the record indicates merely that the plaintiff was found asleep in her car by a police officer dispatched to investigate a report of an automobile accident. There is no evidence that the car was running upon the officer's arrival at the scene, that the car engine was warm (indicating recent operation), or that the keys were found in the ignition. In addition, although the police report does indicate that the plaintiff was in the car when the officer arrived at the scene, there is no indication whether the plaintiff was located in the driver's seat, in the passenger's seat or in the back seat of the vehicle. Cf. Schuh v.Commissioner of Motor Vehicles, 48 Conn. App. 547, 551, ___ A.2d ___
(1998) (from evidence that plaintiff was discovered by police in driver's seat, seatbelted in, and witness's statement that he had found vehicle in same position, with engine running and gear shift in drive position, hearing officer reasonably could have inferred operation on public highway "in order [for vehicle] to have arrived five to six feet off the travel portion of I-91");Redden v. Kozlowski, 45 Conn. App. 225, 229, 695 A.2d 26 (1997) (commissioner could reasonably infer that plaintiff was operating motor vehicle when found in operator's seat with headlights on and engine running). Finally, unlike the cases cited, supra, there was no admission by the plaintiff that she was driving her car at the time of the accident.
In sum, the record is devoid of any evidence that the plaintiff was operating her motor vehicle prior to her arrest, one of the requisite determinations under General Statutes §14-227b (f). Therefore, in view of the particular facts of this CT Page 5883 case, which are undisputed and fully reflected in the record, the court finds that the hearing officer's decision was not supported by substantial evidence.
 IV.
The court's review of the record in this case leads to the conclusion that the evidence concerning the plaintiff's operation of the motor vehicle at issue was not substantial. In fact, the record is devoid of any evidence that the plaintiff operated the vehicle prior to the time she was arrested for operating under the influence of alcohol. Accordingly, the evidence is legally insufficient to support the hearing officer's determination under General Statutes § 14-227b (f) that the plaintiff had operated the vehicle.
The plaintiff's appeal is sustained.
SO ORDERED:
Joseph H. Sylvester, JUDGE