[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant commissioner of the State of Connecticut Department of Motor Vehicles (DMV) suspending his motor vehicle operator's license for a period of six months. The plaintiff, who is aggrieved by this decision, brings this appeal pursuant to the Uniform Administrative Procedure Act (UAPA), §§ 4-166, et seq. The plaintiff challenges the admissibility of the A-44 report and the hearing officer's determination that the police officer had probable cause to arrest the plaintiff. For the reasons set forth below, the appeal is dismissed.
The incident underlying the case occurred on December 15, 1997, in Old Saybrook, Connecticut. Sergeant Barrows of the Old Saybrook Police Department was dispatched to the scene of a two car accident at the intersection of Boston Post Road and Old Boston Post Road, a public highway in Old Saybrook. When Sergeant Barrows arrived, the vehicles were in the intersection and the operators were at the scene. The plaintiff admitted to being the operator of one of the vehicles. Sergeant Barrows noticed an odor of alcoholic beverage about plaintiff's breath and person, the plaintiff's unfocused gaze, his slurred speech and that he was swaying while standing. The plaintiff could not recite the alphabet or successfully perform field sobriety tests. Sergeant Barrows arrested the plaintiff for operating a motor vehicle under the influence in violation of General Statutes §14-227a.
The plaintiff refused to submit to a breath test of his blood alcohol content when requested to do so by Sergeant Barrows. Officer DellaRocco of the Old Saybrook Police Department witnessed the refusal. The DMV, pursuant to General Statutes § 14-227b, suspended the plaintiff's operator's license for refusal to submit to a blood alcohol test.
The plaintiff requested a hearing and one was held before a DMV hearing officer on January 7, 1998. The evidence presented at the hearing consisted of the A-44 report with the Supplemental CT Page 5870 Incident Report (State Ex. A) and the plaintiff's driving record (Respondent's # 1). The plaintiff objected to the admission of the A-44 report. In its final decision, the agency suspended the plaintiff's license under § 14-227b for six months because of his refusal to submit to the breath test of his blood alcohol content.
The plaintiff in his appeal raises two issues: (1) the A-44 was inadmissible because it lacked the endorsement by a third person who witnessed the alleged refusal as required by §14-227b(c), and (2) the arresting officer lacked probable cause to arrest the plaintiff for operating a motor vehicle under the influence of intoxicating liquor.
The plaintiff's first argument is essentially a matter of statutory interpretation. "As with any issue of statutory interpretation, or initial guide is the language of the statute itself." (Citations and internal quotation marks omitted.) CHROv. Truelove and MacLean, 238 Conn. 337, 349 (1996). Section14-227b(c) requires in effect that the A-44 report contain an endorsement in addition to the signature of the arresting officer: "If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal." The plaintiff argues that this requires the endorsement of a "third person," i.e. a person in addition to the plaintiff, the arresting officer and the police officer who witnessed the refusal and endorsed the report. According to the plaintiff, since a fourth person did not endorse the report, the A-44 was not admissible under Volck v. Muzio, 204 Conn. 507
(1987). The court disagrees.
Section 14-227b(c) refers to the "arresting officer, the "person arrested" and a "third person." The "third person" is someone other than the person arrested and the arresting officer. Nowhere does § 14-227b refer to the endorsement by another person. Requiring that there be a fourth person or the person arrested plus three other persons is simply not a reasonable construction of the statute. In the present case, the A-44 satisfied the requirements of § 14-227b(c). See Vojick v.Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 537452 (July 22, 1997). Thus, the A-44 report was properly admitted over the plaintiff's objection.
The plaintiff's probable cause argument is based on the CT Page 5871 limited evidence as to when the plaintiff operated his vehicle and when he imbibed alcohol.
Section 14-227b(f) limits license suspension hearings to four issues.[1] A line of case authority recognizes that a suspension hearing is in fact limited to a determination of the four issues. Volck v. Muzio, supra, 204 Conn. 509-10; Buckley v.Muzio, 200 Conn. 1, 6-8 (1986); and Dalmaso v. Dept. of MotorVehicles, 47 Conn. App. 839, 842-44 (1998).
There is no dispute that plaintiff was operating a motor vehicle or that he was in fact arrested. The claim presented by plaintiff relates to the probable cause issue.
"Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred." (Internal quotation marks omitted.) State v.Barton, 219 Conn. 529, 548 (1991). "It is a flexible common sense standard that does not require the officer's belief to be either correct or more likely true or false." State v. Stevens,26 Conn. App. 805, 810, affirmed, 224 Conn. 730 (1993).
As to the plaintiff's argument concerning the time of operation, it is true that there is no specific time in the record attributed to the time of the accident, which would represent the time of operation.[2] In a refusal case such as this, however, proof of the time of operation is unnecessary because the two-hour time limitation for administering the test applies to those persons who agree to submit to testing. Tuttlev. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 555532 17 CONN. L. RPTR. 231 (June 28, 1996). See Farnie v.Commissioner of Motor Vehicles, Superior Court, judicial district of New Haven at New Haven, Docket No. 382368 (September 16, 1996), affirmed (per curiam), 47 Conn. App. 915 (1997). The plaintiff did not agree to take the test.
The plaintiff next argues that there is insufficient evidence to prove when he drank. The defendant DMV is not required to present absolute proof of the operative facts. "An agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . The factual findings of the commissioner of motor vehicles must be affirmed by the trial court unless they are clearly erroneous in view of the reliable, CT Page 5872 probative, and substantial evidence on the whole record. Our review requires us to determine whether there is substantial evidence in the administrative record to support the defendant's findings of basic fact and whether the conclusion drawn from those facts is reasonable. Substantial evidence exits if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks and citations omitted.) Schuh v. Commissioner ofMotor Vehicles, 48 Conn. App. 547, 551 (1998).
The record contains conflicting evidence of when the plaintiff drank. The A-44 states that the plaintiff said he drank between 5:00 to 5:05 p. m. in response to the questions, "when did you start drinking?" and "when did you stop drinking?" Responding to the question "where did you drink," the plaintiff stated, "I didn't drink." Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Dolgner v. Alander, 237 Conn. 272, 281
(1996).
In the present case, Sergeant Barrows noticed that the plaintiff smelled of alcohol and displayed symptoms of intoxication. The hearing officer and the police officer are allowed to make reasonable inferences as to the time drinking from the totality of the circumstances. See Kirei v. Hadley,47 Conn. App. 451 (1998). It was reasonable for him to disbelieve the plaintiff's statement that he did not drink given his condition and his other statements.
The plaintiff speculates as to the possibility of his having consumed alcohol after operating. There was no evidence from which the hearing officer or police officer could have drawn that conclusion. Compare Kirei v. Hadley, supra, 47 Conn. App. 451
(where plaintiff testified he had consumed alcohol after operating the vehicle and the court deferred to DMV' findings). The hearing officer was free to accept the evidence of drinking between 5:00 and 5:05 p. m.
The appeal is dismissed.
Robert F. McWeeny, J.