[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Danielle Rigby appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for ninety days. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after being arrested for driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
Rigby raises two claims that attack the finding that she failed the chemical test of the alcohol content of her blood. She first claims that the record shows that the officer performing the test was not properly certified on the intoxilyzer. She then argues that because the officer failed to bring the intoxilyzer log books to the hearing she was deprived of the right to cross examine the officer as to the calibration and functioning of the CT Page 8811 intoxilyzer.
The plaintiff bears the burden of proving that the commissioners decision to suspend her license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v. DelPonte,229 Conn. 31, 39 (1994); see Lawrence v. Kozlowski, 171 Conn. 705, 713-14
(1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930,53 L.Ed.2d 1066 (1977). "Review of the commissioner's action is highly restricted." Kirei v. Hadley 47 Conn. App. 451, 454 (1998).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, supra, 229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshallv. DelPonte, 27 Conn. App. 346, 352, 606 A.2d 716 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut BuildingWrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702, 708-709 (1997).
The hearing officer in a license suspension hearings limits his determination to the four issues specified in General Statutes § 14-227b(f).[1] The plaintiff claims that because the record shows that the arresting officer had not completed the requisite hours of training on the intoxilyzer he used on the plaintiff, the hearing officer could not find against the plaintiff on the issue of the test results. She relies upon the following testimony of the arresting officer and State Regulation § 14-227b-10 (d)(1):
 Q. And in the most recent four hours that you completed, what CT Page 8812 was the four hours on? Was it on the 5000 machine?
 A It was on the 5000 and the 3000, but we don't use the 3000 anymore.
Q It was the (inaudible) —
 A We have the only 3000 left I believe in the state and it's inoperable at this time, so we use the 5000.
Q Was the full four hours on instruction of the model 5000?
 A No, it was not. That course covers the 5000 and some 3000 even though we don't use it. Do you want this document back sir?
Q Yes, please.
The regulation reads:
(1) Certification of operators
 (A) In order to be certified as an operator of a breath analysis instrument, a person shall:
 (i) Be employed by a law enforcement agency or by the department;
 (ii) Successfully complete a minimum of four (4) hours of training in the operation of the instrument to be used. Such training may be acquired by training courses given by the department or by instructors certified by the department for such purposes in accordance with subdivision (3) of this subsection;
 (iii) Demonstrate to the department the proper use and application of the instrument.
Because of the decision in Schallenkamp v. DelPonte,229 Conn. 31 (1994), this ground of the appeal is rejected. InSchallenkamp, the court said the following,
 Moreover, even if we were to assume that Balfore's certification had lapsed, such a lapse would not have sufficiently undermined the reliability of the test results to cause us to depart from our holding in Volck v. Muzio, supra, 204 Conn. 512. In Volck, we concluded that even multiple failures on the part of an arresting officer to comply CT Page 8813 with the statutory dictates of 14-227b were not sufficient grounds for overturning the commissioner's determination, after a hearing, that the essential elements of the statute had been proven and that the plaintiff's operator's license should be suspended. Id., 518, 521. Similarly, Balfore's alleged failure to comply with a regulation that he currently be certified to administer a breath analysis test would not be a basis for overturning the commissioner's decision in this case as long as there was evidence from which the commissioner reasonably could have concluded that the four prerequisites for suspension set forth in 14-227b (f) had been demonstrated affirmatively.
(Footnotes omitted.) Id., 41. Here, there is evidence in the record that the officer was properly certified. (Return of Record (ROR), Respondent's Ex. 2.) Id.
The plaintiff also argues that she was unfairly deprived of her right to cross examine the officer at the hearing as to the functioning of the intoxilyzer because he failed to comply with the subpoena in not bringing the intoxilyzer log books. The subpoena reads,
 AND you are further commanded to bring with you and produce at the same time and place:
 1) All evidence relevant to case number 98-2023, including but not limited to, certification for the intoxilyzer CT Model 5000, SN 68 001703, certification of the operator of such analytical device, video tape (property control PC#076-98).
The officer appeared at the hearing with the three specified items. At the hearing plaintiff's counsel argued as follows before the hearing officer,
 Secondly, I subpoenaed certain documents with regard to the machine. The respondent has brought me two certifications but has not brought any other documents. There is a regulation in this state 14-227
(a) 10(d) or (b) sub IV which states that a licensed operator can have his license suspended and this being the operator of the Intoximeter 5000 can have his certification suspended for failure to produce written or recorded matters directly relating to the breath test, and therefore there is a policy in the regulations that the documentation be supplied.
 MR. GOODBERG: What documentation are you referring to counselor? CT Page 8814
 MR. WHITE: I'm referring to the logs of the machine which (inaudible) service repair, calibration.
(ROR, tr. 15-16.)
The logs were not specifically requested in the subpoena. The officer produced a copy of the requested recertification of the intoxilyzer. (ROR, Respondent's Ex. 3.) The record does not support the plaintiff s argument that she was prejudiced by not having the log books at the hearing. Jutkowitz v. Department ofHealth Services, 220 Conn. 86, 94 (1991). First of all, she did not specifically request them; and secondly, there was evidence in the record that the intoxilyzer was functioning properly and no evidence that it was not.[2] See Schallenkamp v. DelPonte, supra, 229 Conn. 38-42.
The plaintiff concludes by arguing that under Grimes v.Conservation Commission, 243 Conn. 266, 273 (1997) she was deprived of fundamental fairness in the underlying proceedings. In light of its decision on the two specific claims, the court rejects this argument as well.
The commissioner's decision will not be overturned in light of the reliable, probative and substantial evidence in the record.
The appeal is dismissed.
DiPenbma, J.