[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Florence A. Suzanski appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for six months. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant.
The thrust of the plaintiff's appeal is that the hearing officer improperly admitted the A-44 and accompanying police narratives. She also argues that her refusal occurred more than two hours after her operation of the motor vehicle so that the CT Page 8934 suspension of her license is invalid.
The plaintiff bears the burden of proving that the commissioner's decision to suspend her license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v. DelPonte,229 Conn. 31, 39 (1994); see Lawrence v. Kozlowski, 171 Conn. 705, 713-14
(1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930,53 L.Ed.2d 1066 (1977). "Review of the commissioner's action is highly restricted." Kirei v. Hadley, 47 Conn. App. 451, 454 (1998).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, supra,229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshall v. DelPonte,27 Conn. App. 346, 352 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702, 709 (1997).
After the commissioner sent notice of her suspension pursuant to General Statutes 14-227b, the plaintiff timely requested a hearing to contest the suspension. At the hearing, she appeared with counsel and testified. No other witnesses were present. The hearing officer admitted the A-44 and accompanying police narratives over the plaintiff's objection. On November 7, 1996, the hearing officer affirmed the six month suspension of the plaintiff's license and made the following subordinate findings: "Respondent admits drinking and being drowsy, and refusing test." (Return of Record (ROR), Decision dated November 7, 1996.)
The plaintiff filed this appeal in the judicial district of CT Page 8935 New Haven on November 15, 1996. The case was transferred to the administrative appeals session in the Hartford/New Britain judicial district on June 29, 1998. Oral argument was heard on August 3, 1998.
The plaintiff's first argument is that the A-44 and police narratives should not have been admitted because the oath was improper. Citing General Statutes § 3-94g, the plaintiff argues that the oath on the A-44 is not proper because the officer taking the oath signed the supplemental sheets as the supervisor. That statute is inapplicable. First of all, § 3-94g
applies to notary publics, not sworn police officers. Secondly, the A-44 appears to have a proper acknowledgment,[1]
and the fact that the acknowledging officer's signature appears on the supplemental sheets is irrelevant under the holding ofBialowas v. Commissioner of Motor Vehicles, supra,44 Conn. App. 712-13 (1997). The court will not sustain the plaintiff's appeal on this ground.
The plaintiff next argues that these documents are unreliable and inadmissible because the time entries are improbable. The court disagrees. The two narrative reports contain the phrases "approximately 2300 hrs" and "approximately 2304 hrs" describing events surrounding the plaintiff's arrest. Those time entries are not improbable and do not invalidate the A-44 attachments. The plaintiff makes a similar argument about the three dates that appear on the documents. Those three dates reflect the time of the arrest (approximately 11 p.m. on October 17, 1996), the time of the refusal of testing (12:36 a.m. on October 18, 1996) and the acknowledgment of the oath on the A-44 (October 19, 1996). Those dates similarly do not invalidate the A-44 and its attachments. A review of the record supports the decision of the hearing officer to admit the A-44 and attachments as sufficiently reliable and probative.
Her final argument is that the refusal must have taken place outside of the statutory two hour period. There are two problems with this argument. First of all, the record supports a finding that the refusal took place within two hours after operation. Second, there is no requirement under the law that the refusal occur within two hours of operation. See General Statutes §14-227b(c). As this court, Maloney, J., found in Tuttle v.Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 555532, (June 28, 1996, Maloney, J.) (17 Conn. L. Rptr. 221). CT Page 8936
 In 1989, the legislature substantially amended § 14-227b
by adding to it the so-called "per se" provisions. These additional provisions required the commissioner to suspend the license of a person arrested for drunk driving if the person submitted to a test and the results showed that the alcohol content of his or her blood exceeded the legal level at the time the person was operating a vehicle. The "per se" provisions were in addition to the earlier provisions requiring suspension for refusal to submit to a test, which were retained in the same statute.
 The "per se" provisions have been amended several times since their original enactment in 1989, so that they now provide that proof of the alcohol content of the person's blood at the time of operation of a vehicle is not necessary. Administrative suspension of the license for failing the test is now authorized if, but only if, the test was commenced within two hours of operation. The criminal statute, § 14-227a, has also been amended to provide that the results of the chemical test may be admitted at the criminal trial if, but only if, the test was commenced within two hours of operation. The timing of the chemical test, therefore, is now absolutely crucial in determining whether the test results may be admitted in the criminal trial or be used as a basis for administrative suspension of the person's license by the commissioner.
 While the legislature was enacting the "per se" provisions and subsequently amending them, it left the provisions regarding test refusal unchanged. That is to say, for many years prior to 1989 and continuing to the present time, the commissioner has been required to suspend the license of a person arrested for drunk driving who refuses to submit to a chemical test of the alcohol content of his or her blood. The basis of the obligation to submit to a test at the request of the police is found in subsection (a) of § 14-227b, which has never been changed and which provides "Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . ."
 Since there were no provisions relating to the results of a chemical test in the statute prior to 1989, the original obligation to submit to a test was obviously not linked in any way to any such provisions. Then, when the statute was amended in 1989 to add the original "per se" provisions, the legislature did CT Page 8937 not link those new provisions to the existing provisions relating to refusal to take the test. And finally, when the statute was amended in 1993 and 1994 by inserting the two-hour time limitation for administering the test, the legislature did not impose any time limitation or make any other changes in the obligation to submit to a test or in the requirement that the commissioner suspend the license of a person who refused to do so.
 Based on the legislative history of § 14-227b, as summarized above, the court concludes that the obligation of a person who operates a motor vehicle in this state to submit to a chemical test, in accordance with the provisions of that statute, is independent of the "per se" provisions in that statute relating to the timing of the test and the test results. Specifically, the two-hour time limitation for administering the test to a person who has agreed to take it is of critical significance in many respects, but it is not a limitation on the general obligation of all motor vehicle operators in the state to submit to a test when requested by the police. It follows that the commissioner is required to suspend the license of an operator who has been arrested for drunk driving and who refuses to be tested, even if the police request the test after the two-hour time period required by the "per se" provisions of the statute.
(Emphasis added); see also Farnie v. Commissioner of Motor Vehicles,47 Conn. App. 915 (1997), affirming, Farnie v. Commissioner of MotorVehicles, Superior Court, judicial district of New Haven at New Haven, Docket No. 382368 (September 16, 1996, Maloney, J.).
For the foregoing reasons, the defendant's decision must be affirmed. The appeal is dismissed.
DiPentima, J.