### SANDRA DORFMAN *v.* FIRST CHOICE CONSTRUCTION CORPORATION (AC 19165)

Lavery, C. J., and Spear and Hennessy, Js.

Argued March 20—officially released July 25, 2000

*Robert L. Trowbridge*, for the appellant (plaintiff).

*Christopher G. Winans*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff in this construction contract dispute appeals from the judgment granting the defendant's motion to confirm an arbitration award rendered in favor of the defendant. The plaintiff, Sandra

Dorfman, claims that the trial court improperly confirmed the award because (1) the arbitrator violated the very contractual provision from which he derived his authority, (2) the arbitrator acted outside the scope of his authority by failing to follow a mandatory provision of the contract regarding termination of the construction contract and (3) the arbitrator acted in manifest disregard of the law. We affirm the judgment of the trial court.

This case arose out of a dispute between the plaintiff owner and the defendant construction company wherein each alleged breaches of a construction contract. The contract, which contained an arbitration clause, provided for the defendant to perform extensive work at the home of the plaintiff in Washington, Connecticut.

It is the appellant's burden to provide a record that is adequate for review on appeal. *Kirei* v. *Hadley*, 47 Conn. App. 451, 458, 705 A.2d 205 (1998). The court did not file a memorandum of decision or a signed transcript of an oral decision. The plaintiff filed a motion for articulation, which the trial court denied. The plaintiff did not thereafter file a motion for review of the denial of her motion for articulation. Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards . . . articulation . . . may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the [appellate] court . . . ." The record here contains the arbitrator's award and the court's order that simply confirms the award. Nowhere in this record can we find the basis for the actions of the arbitrator[1] or the trial court.

The judgment is affirmed.

---

[1] Some record of the actions of the arbitrator would be required for us to consider the plaintiff's claim that the arbitrator acted in manifest disregard of the law.