## MARY ELLEN MURPHY *v.* COMMISSIONER OF MOTOR VEHICLES
### (AC 17906)

Lavery, Landau and Dupont, Js.

Argued March 3—officially released July 6, 1999

*Barry N. Silver*, for the appellant (plaintiff).

*Priscilla J. Green*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, Mary Ellen Murphy, appeals from the judgment of trial court dismissing her appeal

from the administrative decision of the defendant commissioner of motor vehicles (commissioner) suspending her right to operate a motor vehicle for six months pursuant to General Statutes § 14-227b.[1] The plaintiff claims that the trial court improperly (1) concluded that the police officer had probable cause to

[1] General Statutes § 14-227b provides in relevant part: "(a) Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine and, if said person is a minor, his parent or parents or guardian shall also be deemed to have given his consent.

"(b) If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and thereafter, after being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer, having been afforded a reasonable opportunity to telephone an attorney prior to the performance of such test and having been informed that his license or nonresident operating privilege may be suspended in accordance with the provisions of this section if he refuses to submit to such test or if he submits to such test and the results of such test indicate that the ratio of alcohol in his blood was ten-hundredths of one per cent or more of alcohol, by weight, and that evidence of any such refusal shall be admissible in accordance with subsection (f) of section 14-227a and may be used against him in any criminal prosecution, refuses to submit to the designated test, the test shall not be given; provided, if the person refuses or is unable to submit to a blood test, the police officer shall designate the breath or urine test as the test to be taken. The police officer shall make a notation upon the records of the police department that he informed the person that his license or nonresident operating privilege may be suspended if he refused to submit to such test or if he submitted to such test and the results of such test indicated that the ratio of alcohol in his blood was ten-hundredths of one per cent or more of alcohol, by weight.

"(c) If the person arrested refuses to submit to such test or analysis or submits to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicate that the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight, the police officer, acting on behalf of the Commissioner of Motor Vehicles, shall immediately revoke and take possession of the motor vehicle operator's license or, if such person is a nonresident, suspend the nonresident operating privilege of such person, for a twenty-four-hour period and shall issue a temporary operator's license or nonresident operating privilege to such person valid for the period commencing twenty-four hours after issuance and ending thirty days after the date

arrest her for operating a motor vehicle while under the influence of intoxicating liquor, (2) held that the hearing officer's written decision was not defective in that the decision contained merely a recitation of the four standard issues enumerated in § 14-227b without any further findings of fact and conclusions of law and (3) concluded, independently, that she operated the vehicle.

The following undisputed facts are pertinent to our resolution of this appeal. On September 9, 1996, the plaintiff was driving a motor vehicle on Spruce Bark Road in Hamden, which runs adjacent to the Mill River. She saw some particularly scenic trees by the river and decided to stop and take some photographs. She parked the car, shut off the motor, removed the keys from the ignition and walked to the trees. Sometime thereafter, while she was taking photographs, she heard a noise and observed her vehicle rolling down the embankment into the Mill River. The plaintiff went to a neighboring house to summon help and took some medication to

such person received notice of his arrest by the police officer. The police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis to the Department of Motor Vehicles within three business days. The report shall be made on a form approved by the Commissioner of Motor Vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so or that such person submitted to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight. . . ."

calm herself. At approximately 7:43 p.m., Officer R. J. Cicero of the Hamden police department was dispatched to the location and met the plaintiff. He detected the odor of alcohol on the plaintiff's breath and observed her stagger as she stood and walked. She denied drinking alcohol and stated that she was on medication.[2] Cicero asked the plaintiff to perform field sobriety tests and, on the basis of her performance, arrested and transported her to the Hamden police station. The plaintiff refused to consent to a breath test for blood alcohol when asked.

The plaintiff claims that the evidence was insufficient to support the finding that probable cause existed for Cicero to arrest her for violating General Statutes § 14-227a.[3] We agree.

"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . The determination of whether substantial evidence exists is subject to de novo review by this court. . . . Substantial evidence exists if the administrative record demonstrates a substantial basis of fact from which the fact in issue can be reasonably inferred."

---

[2] She was recovering from recent surgery and hospitalization.

[3] General Statutes § 14-227a (a) provides: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

(Citations omitted; internal quotation marks omitted.) *Labenski* v. *Goldberg*, 33 Conn. App. 727, 732–33, 638 A.2d 614 (1994). "If the defendant's determination to suspend the plaintiff's license pursuant to General Statutes §14-227b is supported by substantial evidence in the record, that determination must be sustained." *O'Rourke* v. *Commissioner of Motor Vehicles*, 33 Conn. App. 501, 507, 636 A.2d 409, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994).

The commissioner claims that the officer had probable cause to arrest the plaintiff based on the following facts. The arresting officer was dispatched to investigate a motor vehicle accident. The plaintiff told the officer that she had driven to the embankment, stopped and exited the motor vehicle while it was in gear. The vehicle rolled down an embankment into a river. An odor of alcohol came from the plaintiff's breath as the officer spoke with her. She staggered as she stood and walked and her speech was slurred and her eyes glassy and bloodshot. She denied having drunk any intoxicating liquor and stated that she was heavily medicated. She failed two field sobriety tests.

The plaintiff does not claim, as the commissioner asserts, "that the record is devoid of evidence that she operated the vehicle." Her claim is that the officer, to establish probable cause for the offense, must have data that she was under the influence of liquor or drugs *at the time* she operated the motor vehicle. It is essential that the evidence before the officer include a temporal nexus between the plaintiff's operation of the motor vehicle and her being under the influence of liquor or drugs. The evidence, of course, need demonstrate only probable cause to establish a connection between drinking and operating the vehicle. "Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to

warrant a man of reasonable caution to believe that [an offense] had been committed." (Internal quotation marks omitted.) *State* v. *Torres,* 182 Conn. 176, 189, 438 A.2d 46 (1980). Although the police officer may draw any reasonable, logical inferences from the facts observed, he may not resort to mere speculation or conjecture, particularly here, where there is no evidence of a temporal nexus between liquor and operation. We conclude, on the basis of the facts presented, that the officer lacked probable cause to arrest the plaintiff.[4]

Because our resolution of the plaintiff's first claim is dispositive of her appeal, we need not address her remaining claims.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.

In this opinion DUPONT, J., concurred.

LAVERY, J., dissenting. I respectfully dissent from the majority's opinion, which reverses the trial court's dismissal of the plaintiff's appeal taken from an administrative decision of the defendant commissioner of motor vehicles.

I would conclude that the arresting police officer had more than sufficient evidence to warrant a person of reasonable caution to believe that the plaintiff had been operating her motor vehicle while under the influence of alcohol. The trial court and the motor vehicle hearing officer had the full report of the arresting officer when

---

[4] We are cognizant of the dissent's position that Cicero had probable cause to arrest the defendant. The dissent, however, has failed to identify any evidence in the record as to when the accident occurred, when the defendant went to ask for help, when the police were summoned or when Cicero arrived at the scene. The only evidence of time in the record is that the defendant admitted to drinking wine between 2 and 2:30 p.m. on the day of the accident.

each determined that the arresting officer had probable cause to arrest the plaintiff for driving while under the influence of alcohol.

The report stated that the officer drove to Spruce Banks Road to investigate an accident. Upon his arrival, the officer met the plaintiff, who stated that she was driving her car west on Ives Street when she stopped on Spruce Banks Road to take a photograph. The plaintiff stated that she exited her vehicle, left the vehicle in gear and, thereafter, the vehicle rolled down the embankment into the Mill River. The officer smelled alcohol on the plaintiff's breath, observed her stagger as she stood and walked, and noticed that her eyes were glassy and bloodshot. The officer asked the plaintiff to submit to several field sobriety tests. She failed both the horizontal gaze nystagmus test and the alphabet test, and she refused to take the walk and turn test and the one leg stand test because she claimed that she had sustained injuries in a previous accident. The plaintiff informed the officer that she had not been drinking, but that she was heavily medicated. The report states that Phoebe Styron, the occupant of the home where the defendant sought help, also smelled alcohol on the plaintiff's breath. The report also discloses that the plaintiff later admitted that she had consumed wine that day from 2 to 2:30 p.m.

On the basis of the facts from the officer's report, which was included in the administrative record of the commissioner of motor vehicles, there was probable cause for a reasonable person to believe that the plaintiff had been operating her vehicle while under the influence of alcohol. "Probable cause is a common sense, nontechnical concept. Probable cause exists when there are facts and circumstances within the officer's knowledge, and of which he has trustworthy information, sufficient to justify the belief of a reasonable person that an offense has been or is being committed.

. . . The probable cause test then is an objective one. . . . While probable cause requires more than mere suspicion . . . the line between mere suspicion and probable cause is often fine and that line necessarily must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all the circumstances. . . . The process [of determining probable cause] does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. . . . We also note that the issue of the existence of probable cause does not turn on whether the defendant could have been convicted on the same available evidence. Probable cause deals with probabilities, not hard certainties. . . . *State* v. *Pierog*, 33 Conn. App. 107, 115–16, 634 A.2d 301 (1993)." (Internal quotation marks omitted.) *State* v. *Leary*, 51 Conn. App. 497, 500–501, 725 A.2d 328 (1999).

The plaintiff's admission that she had operated the vehicle, the detection of alcohol on her breath by both the officer and the witness who had assisted the plaintiff, her denial of drinking coupled with her later admission that she had consumed a quantity of wine earlier in the afternoon, her staggering, her glassy eyes and slurred speech, her failure of the two field sobriety tests and her allowing the vehicle to roll into the river provided the officer with probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of alcohol. I would therefore affirm the judgment of the trial court.