[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joslin Grizzle, brings this appeal pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., from a January 22, 1999 decision of the Commissioner of the Department of Motor Vehicles ("DMV"), suspending his motor vehicle operator's license for a period of six months. The DMV acted pursuant to General Statutes § CT Page 1251814-227b on the basis of the plaintiffs refusal to submit to a chemical test of the alcohol content of his blood subsequent to being arrested on a charge of driving while under the influence of alcohol. Here, the plaintiff questions the sufficiency of the evidence regarding the plaintiffs refusal to submit to a chemical test and regarding his operation of a motor vehicle.
The incident underlying this case occurred on December 5, 1998. At approximately 7:48 p. m., Officer J. Bremser, Hartford Police Department, was traveling eastbound on Tower Avenue and Waverly Street when he observed a vehicle parked with no lights on and with apparent right front end damage. The vehicle was parked in the right travel lane of Tower Avenue and occupied by the plaintiff. Officer Bremser approached the vehicle and saw the plaintiff slumped over the steering wheel. Upon awakening the plaintiff, the plaintiff reached to the ignition keys which were still in the ignition "to attempt to start the vehicle." (Return of Record ("ROR"), Item 6, State's Exhibit A.) Officer Bremser removed the keys from the ignition and asked the plaintiff if he was OK. The plaintiff stated yes in slurred speech and advised that he was coming from a funeral. The plaintiff staggered and appeared to be intoxicated, the scent of alcoholic beverage emanating from his breath. Officer Bremser' s radio was inoperable, which required him to telephone for a back up unit.
At the same time, the plaintiffs vehicle had been observed in the right eastbound lane of Tower Avenue by Officers G. Rodriguez and R. Holton, Hartford Police Department. Officer Rodriguez spoke with the plaintiff who told the officer that he was traveling eastbound on Tower Avenue when his vehicle broke down. Officer Rodriguez smelled a strong odor of liquor coming from the plaintiffs breath. The plaintiff, described as belligerent, had slurred speech and could barely stand, according to Officer Rodriguez. Officer Rodriguez noticed damage to the plaintiffs vehicle. Standardized field sobriety tests were administered to the plaintiff, including the walk-and-turn test and the finger-to-nose test, and on each, the plaintiff performed very poorly. The one-leg stand test was not administered due to the fear that the plaintiff would fall, the plaintiff having almost fallen during the walk-and-turn test. The plaintiff admitted having three drinks consisting of wine and Bacardi and soda between 4:00 and 5:00 p. m., and stated he was coming from a funeral. Officer Holton observed fairly extensive damage to the front of the plaintiffs car and approximately 114 feet of grass (skid marks) torn up. At that point, plaintiff was arrested for CT Page 12519 driving while intoxicated.
The plaintiff was transported to police headquarters where he agreed to submit to a breath test in order to determine his blood alcohol content. The analytical device was certified, operated by a certified operator, and checked for accuracy. However, when the test began, the plaintiff refused to blow into the machine. The plaintiff was advised that his refusal would result in the suspension of his operator's license, but he still refused. The plaintiffs refusal was witnessed by Officer Holton.
Having been informed that his license would be suspended, the plaintiff requested and was granted an administrative hearing on that suspension. The hearing was held on January 22, 1999 before Attorney Barry Goodberg, hearing officer, DMV. The evidence at the hearing included the form A-44[1], with an attached two page Hartford Police Department alcohol, drug influence report, the two page Hartford Police incident report prepared by Officer Rodriguez, and a one page supplement prepared by Officer Bremser. In addition, Officer Rodriguez testified at the hearing.
The issues presented in this administrative appeal are whether the DMV hearing officer erred in finding that the plaintiff refused to submit to a blood alcohol content test; that the plaintiff was operating a motor vehicle while under the influence of alcohol; and that the police had probable cause to arrest the plaintiff for operating a motor vehicle under the influence of alcohol.
The suspension hearing provided under § 14-227b is limited to four issues.[2] These limitations have been approved in Buckley v. Muzio, 200 Conn. 1, 8 (1986) and Weber v. Muzio204 Conn. 521, 523 (1987). The plaintiff bears the burden of proving that the DMV decision to suspend his motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v.DelPonte, 229 Conn. 31, 39 (1994); see also Lawrence v.Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977).
The first issue raised by the plaintiff in the present appeal is whether he refused to submit to the blood alcohol test or analysis. "`[R]efusing' to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal."State v. Corbeil, 41 Conn. App. 7, 19, cert. granted on other CT Page 12520 grounds and appeal dismissed, 237 Conn. 919 (1996). In Bialowasv. Commissioner of Motor Vehicles, 44 Conn. App. 702 (1997), the Appellate Court ruled: "We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of §14-227b. Such refusal must be supported by substantial evidence." Id., 714-15. "Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The evidence must be substantial enough to justify, if the trial were to a jury a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld. . . ." (Citations omitted; internal quotation marks omitted.) Id., 709.
In the present case, the DMV hearing officer made two subordinate findings of fact, the second of which reads: "The respondent refused the breath test by virtue of his conduct in refusing to blow into the intoxilyzer." (ROR, Item 8, Decision dated January 22, 1999.) The hearing officer's subordinate finding is fully supported by the record, including the Form A-44, Officer Rodriguez' report, and his testimony before the hearing officer. At the hearing, Officer Rodriguez testified that after affording the plaintiff an opportunity to contact an attorney, the test was explained to the plaintiff. The plaintiff agreed to take the test, put his lips around the mouthpiece of the intoximeter, but would not blow into the machine. The officer warned the plaintiff that his license would be suspended if he refused to blow, but the plaintiff continued to refuse to blow into the machine. Officer Rodriguez testified that he had done a number of tests previously and that he knew the plaintiff was not blowing into the machine because, in addition to the officer's observations, the machine was not measuring at all. Officer Rodriguez testified that the plaintiffs cheeks were not puffed out and that he was basically just sitting there. (ROR, Transcript, pp. 22-23.)
The foregoing provides more than conclusory statements by the arresting officer that the driver failed to provide an adequate breath sample and, therefore, refused the test. Rather, the foregoing documents the factual basis and observations of the arresting officer concerning the plaintiffs refusal. Ellam v.CT Page 12521Commissioner of Motor Vehicles, 47 Conn. App. 509, 514-16 (1998). Thus, the plaintiffs argument concerning a lack of substantial evidence of refusal must fail.
The plaintiff also contends that there was insufficient evidence of operation to sustain the hearing officer's finding that the plaintiff operated a motor vehicle. In this regard, the hearing officer made a subordinate finding that: "The respondent's admission of operation and the admission by Officer Bremser of the respondent slumped over the steering wheel on Tower Avenue constitutes sufficient evidence of operation." (ROR, Item 8, Decision dated January 22, 1999.)
Proof of operation is a factual determination to be accorded considerable weight by this court. O'Rourke v. Commissioner ofMotor Vehicles, 33 Conn. App. 501, 505, cert. denied,229 Conn. 909 (1994). In the present case, the plaintiffs vehicle was discovered parked with no lights on in the right travel lane of Tower Avenue in Hartford with front end damage. The plaintiff was found slumped over the steering wheel. When he was awakened, the plaintiff reached for the ignition keys which were still in the ignition, in an attempt to start the vehicle. Officer Bremser removed the keys from the ignition at that point. The plaintiff admitted to Bremser that he had been operating the vehicle and explained that he was coming from a funeral. The plaintiff staggered and was visibly intoxicated. Officer Bremser smelled alcohol eminating from the plaintiffs breath. The plaintiff also admitted operating the vehicle to Officer Rodriguez. The plaintiff told Rodriguez that he was traveling eastbound on Tower Avenue when his vehicle broke down. In fact, there was extensive damage to the plaintiffs vehicle which had torn up approximately 114 feet of grass. Officer Rodriguez also smelled a strong odor of liquor coming from the plaintiffs breath, the plaintiffs speech was slurred, and the plaintiff could barely standup. The plaintiff performed poorly on the two field sobriety tests and further field tests were not performed due to the officers' fear that the plaintiff would fall down. The plaintiff, who was discovered in his vehicle at approximately 7:48 p. m. on December 5, 1998, also admitted to having consumed approximately three alcoholic beverages consisting of wine and Bacardi between the hours of 4:00 and 5:00 p. m.
The plaintiff relies on State v. DeCoster, 147 Conn. 502
(1960), and other authority for his argument that the evidence does not support a finding of operation, nor the time of CT Page 12522 operation. The plaintiffs reliance on that authority is misplaced. See O'Rourke v. Commissioner of Motor Vehicles, supra,33 Conn. App. 508. In Kirei v. Hadley, 47 Conn. App. 451 (1998), the plaintiffs vehicle was found off the road in a snowbank. The vehicle was in the drive position and warm from recent operation, and the plaintiff was found nearby. The plaintiff, who had difficulty walking and had an odor of liquor, admitted to driving his vehicle. There, the court found substantial evidence supporting the hearing officer's finding that plaintiff had operated the motor vehicle. Id., 455. In the present case, the plaintiff was found slumped behind the steering wheel with the keys in the ignition.
The distinction between driving and operating has long been recognized. See State v. Swift, 125 Conn. 399, 402-03 (1939). Even in a criminal context, the requisite intent to operate a motor vehicle need only be "to engage the ignition. . . ." Statev. Angueira, 51 Conn. App. 782, 787 (1999). DMV was not required to present absolute proof that the plaintiff was operating his motor vehicle, since operation is a question of fact. Schuh v.Commissioner of Motor Vehicles, 48 Conn. App. 547, 551, cert. denied, 245 Conn. 924 (1998). In the present case, the record is replete with substantial evidence from which the DMV hearing officer could have reasonably inferred operation. Accordingly, the plaintiffs argument concerning operation also must fail.
The plaintiffs final argument, which was the subject of his supplemental memorandum, dated July 12, 1999, is that DMV failed to establish time of operation so as to allow a finding of probable cause for the plaintiffs arrest. The plaintiffs argument is that the DMV decision to suspend his operator's license is fatally flawed because of a failure to include a temporal nexus between the plaintiffs operation of the motor vehicle and his being under the influence of liquor. Murphy v. Commissioner ofMotor Vehicles, 54 Conn. App. 127, 131 (1999). However, Murphy is distinguishable from the present case on its facts.
In Murphy, the plaintiff had admitted driving her vehicle to an embankment and, stopping and exiting the motor vehicle while it remained in gear. The vehicle rolled down an embankment into a river. When the police were summoned, an odor of alcohol emanated from the plaintiffs breath, she staggered, her eyes were glassy and bloodshot, and her speech was slurred. She failed field sobriety tests. Murphy v. Commissioner of Motor Vehicles, supra,54 Conn. App. 129-30. The Murphy court concluded that there was CT Page 12523 no probable cause because there was no evidence of a temporal nexus between liquor and operation. Id., 132. In Murphy, the plaintiff admitted to drinking wine between 2:00 and 2:30 p. m. on the day of the accident (Id., 132 n. 4), while the police were not dispatched to the scene until 7:43 p. m. (Id., 130).
In the present case, the plaintiff admitted drinking wine and Bacardi between 4:00 and 5:00 p. m. Thereafter, the plaintiff was discovered by Officer Bremser at approximately 7:48 p. m., slumped over the wheel in the driver's seat of his motor vehicle which was parked in the right travel lane of Tower Avenue, Hartford. Here, there was substantial evidence of a temporal nexus between the consumption of liquor and the operation of a motor vehicle. "Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.)Costello v. Kozlowski, 47 Conn. App. 111, 115 (1997). The evidence of a temporal nexus between operation and intoxication clearly was sufficient to sustain a finding of probable cause.
Additionally, in the present case, Officer Bremser observed the plaintiff reach for the ignition keys, which were still in the ignition, in an attempt to start the vehicle. That act, standing alone, is sufficient evidence of operation to sustain a finding of probable cause. State v. Ducatt, 22 Conn. App. 88, cert. denied, 217 Conn. 804 (1990). Thus, the plaintiffs argument concerning a lack of probable cause based on the failure of DMV to show a temporal nexus between intoxication and operation likewise must fail.
Based on all of the foregoing, the DMV decision to suspend the plaintiffs motor vehicle operator's license will not be disturbed. The plaintiffs appeal, therefore, is dismissed.
Michael Hartmere, Judge