[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
 I. Statement of Case
The plaintiff Mark Mahon appeals a decision by the defendant Commissioner of Motor Vehicles ordering the suspension of the plaintiff's operator's license pursuant to General Statutes § 14-227b. The appeal is brought pursuant to General Statutes § 4-183.
 II. Procedural History
On January 24, 2001 an administrative hearing was conducted pursuant to General Statutes § 14-227b. The plaintiff was represented by legal counsel at this administrative proceeding. The evidence consisted of the plaintiff's testimony and two exhibits: Exhibit A-completed Department of Motor Vehicles A-44 form with attached Yale University Police Department incident report and Exhibit B-Department of Motor Vehicles driving history (Return of Record [ROR]).[1]
On January 25, 2001, the defendant's designated hearing officer issued a written decision which stated in relevant part:
FINDINGS OF FACT AND CONCLUSIONS OF LAW:
 I. The police officer had probable cause to arrest the above-named operator for a violation specified in Section (b) of C.G.S. 14-227b.
II. The operator was placed under arrest. CT Page 7915
III. The operator refused to submit to such test or analysis.
IV. Said person was operating the motor vehicle.
Subordinate Findings, if any:
 Misspellings and minor inconsistencies aside, the report provides more than substantial evidence to support affirmative findings on all issues.
(Emphasis added) (ROR)
The plaintiff commenced this administrative appeal through his complaint dated January 30, 2001 pursuant to General Statutes § 4-183.
 III. Jurisdiction
A. Aggrievement
General Statutes § 4-183(a) provides in relevant part that "[a] person . . . who is aggrieved by a final decision may appeal to the Superior Court. . . ." "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987).
In the present matter, the Commissioner acting pursuant to General Statutes 14-227b conducted an administrative hearing and suspended the plaintiff's driver's license or right to operate a motor vehicle in Connecticut for a period of six months.
The defendant in this appeal has not challenged aggrievement. Thus, this court finds that the plaintiff is aggrieved.
B. Timeliness of Appeal
General Statutes § 4-183(c) provides, in relevant part: "Within forty-five days after mailing of the final decision under § 4-180. . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court. . . ."
The final decision is dated January 25, 2001. The plaintiff filed the CT Page 7916 appeal with the Superior Court, judicial district of New Britain on January 30, 2001. The defendant has not raised a jurisdictional defect. Thus, this court finds the appeal to be timely.
 IV. Standard of Review
"Judicial review of [an administrative agency's] action is governed by the [Uniform Administrative Procedures Act (UAPA)] . . . and the scope of that review is very restricted." (Internal quotation marks omitted.)Cadlerock Properties v. Commissioner, 253 Conn. 661, 668 (2000), ___ U.S. ___ cert. denied, 121 S.Ct. 1089 (2001). "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decision are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 4-183(j).
Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . The substantial evidence rule governs judicial review of administrative factfinding under the UAPA. General Statutes § 4-183(j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly CT Page 7917 erroneous action. . . . [S]ubstantial evidence . . . is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.
(Citations omitted; internal quotation marks omitted.) CadlerockProperties v. Commissioner, supra, 253 Conn. 676-77.
Further, the court must search the entire record to determine whether substantial evidence exists to support the agency's findings of fact, and whether the conclusions drawn from those facts are reasonable. Dolgnerv. Alander, 237 Conn. 272, 283 (1996).
 Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts.
(Citations omitted; internal quotation marks omitted.) CadlerockProperties v. Commissioner, supra, 253 conn. 669.
Finally, "[a]dministrative appeals exist only under statutory authority, without which the court lacks subject matter jurisdiction over the appeal. . . . The court's essential function in such an appeal is to review the administrative proceedings to determine whether the action appealed from was legal. . . . The scope of judicial review under the UAPA is very restricted. . . . Except in the limited situation in which there is an allegation of procedural illegalities not shown in the record . . . that review is limited to the record and the court cannot hear evidence." (Citations omitted, internal quotation marks omitted) Johnstonv. Salinas, 56 Conn. App. 772, 776 (2000).
 V. Discussion
CT Page 7918
The plaintiff in his January 30, 2001 complaint raised two claims of alleged administrative error: (1) "There was insufficient evidence to allow the Hearing Officer to conclude that the plaintiff was arrested by a lawfully authorized member of a state or municipal police department," and (2) "[t]here was insufficient evidence to allow the Hearing Officer to conclude that a lawfully authorized member of a state or municipal police department had probable cause to arrest the plaintiff for a violation of C.G.S. Section 14-227a." (Complaint, paras. 4a and 4b). Both of these issues were briefed by the plaintiff. (Plaintiff's April 4, 2001 Brief). On May 4, 2001, during oral argument, plaintiff's counsel conceded that the evidence was sufficient to establish probable cause if the individual making the arrest was a police officer. Therefore, the court will address only the first issue.
The hearing in the instant matter was conducted pursuant to General Statutes § 14-227b(g) which "specifies that a hearing to suspend a person's license `shall be limited to a determination [by the commissioner] of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis. . . .'" Murphy v. Commissioner of MotorVehicles, 54 Conn. App. 127, 132 (1999).
A review of the administrative record reveals evidence that the plaintiff was arrested on December 29, 2000 for operation of a motor vehicle on a public road within the city of New Haven while under the influence. (ROR, Exhibit A, A-44 form). The arresting officer was Samuel Ferrucci of the Yale University Police Department. Officer Ferrucci, in accordance with General Statutes § 14-227b(c), completed the written report of the incident. (ROR, Exhibit A, A-44 form).
At the time that the officer's report was offered, plaintiff's counsel objected by stating in part, "according to the police report, Mr. Mahon was stopped by a Yale police officer. Said officer was not called in for assistance. Said stop was on a public street in the city of New Haven and not on the Yale campus. Therefore, said officer was not authorized to make said motor vehicle stop. (ROR, Transcript, p. 3). The hearing officer overruled the objection and the report was admitted. (ROR, Transcript, pp. 3-4; Exhibit A). The report indicates that following the arrest, the defendant was transported by Officer Ferrucci to the New Haven Police Department for processing. The report states, "On 12-29-00 at 0200 hours, I placed Mr. Mohan (sic) under arrest for Operating Under CT Page 7919 The Influence (C.G.S. § 14-227a). Once placed in the rear of the patrol car, he was advised of his Miranda rights and transported to NHPD Detention Center, at 1 Union Ave., via patrol car 192. He was read his Miranda Rights again at the station, from a photo copied paper. He was then given a reasonable opportunity to contact an Attorney. He declined. He was advised of the Implied Consent Advisory, at which time he refused the Breath Test. At NHPD Detention Center, Officer Shanley was able to smell the odor of an alcoholic beverage coming from Mr. Mohan (sic)." (ROR, Exhibit A, Incident Report, p. 2). Officer Shanley witnessed the plaintiff refuse the alcohol breath test. (ROR, Exhibit A, A-44 form).
At the administrative hearing, the plaintiff did not present any evidence in support of his claim that Officer Ferrucci was not a police officer for the purposes of General Statutes § 14-227b(g)(1). The plaintiff argues in his brief that "[a]t this [administrative] hearing, Mr. Mahon provided the hearing officer with stautory (sic) evidence that the Yale police officer had no right to stop Mr. Mahon or the legal authority to arrest Mr. Mahon. . . . Both the petition [for reconsideration] and the appeal were filed on the basis that there is no evidence in the record for the hearing officer to have concluded that Mr. Mahon was lawfully placed under arrest (if arrested at all). . . ." (Plaintiff's April 4, 2001 Brief, p. 2).
In making his argument to the court, the plaintiff readily acknowledged that "[t]he record clearly indicates that the plaintiff was stopped by a Yale police officer off the Yale campus; that this officer conducted all the tests on the plaintiff; that this officer took the plaintiff into custody; that this officer completed the A-44 form and the supplemental report attached thereto; that this officer issued the misdemeanor summons to the plaintiff; and, that this officer took the plaintiff to the New Haven police department and apparently processed him for the arrest procedure." (Plaintiff's April 4, 2001 Brief, p. 5).
The court's research into the matter disclosed that the legislature in Public Acts 1983, no. 83-466, section 3 conferred upon Yale University police officers the police powers which the plaintiff claims are nonexistent. It provides as follows:
The city of New Haven, acting through its board of police commissioners, may appoint persons designated by Yale University to act as Yale University police officers. Such officers having duly qualified under section 7-294d of the general statutes, and having been sworn, shall have all the powers conferred upon municipal police officers for the city of New Haven. They shall be deemed for all purposes to be agents and CT Page 7920 employees of Yale University, subject to such conditions as may be mutually agreed upon by the city of New Haven, acting through its board of police commissioners, and Yale University.
(Public Acts 1983, no. 83-466, section 3)[2]
"It is fundamental that a plaintiff has the burden of proving that the commissioner, on the facts before him, acted contrary to law and in abuse of his discretion" in determining that Officer Ferrrucci was a police officer for the purpose of General Statutes § 14-227b(g)(1). Murphyv. Commissioner, supra, 254 Conn. 333, 343-44. In light of Public Acts 1983, no. 83-466, section 3 and after searching the entire administrative record, the court finds that there is substantial evidence to support the commissioner's finding that Officer Ferrucci is a police officer. Accordingly, the appeal is dismissed.
 VI. Conclusion
For all the foregoing reasons, the court finds for the commissioner, and the appeal is ordered dismissed.
BY THE COURT:
Peter Emmett Wiese, Judge